UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WILMINGTON SAVINGS FUND
SOCIETY, FSB, d/b/a CHRISTIANA
TRUST, NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE
FOR RMAC TRUST, SERIES 2015-5T,                    16 CV 3860 (SJ)

                        Plaintiff,              **ORDER**

        -against-


JEFFREY H. ANDERSEN, LESLEY
ANDERSEN,

                        Defendants.
--------------------------------------------------------X

**JOHNSON, Senior District Judge:**

        Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust Not

In Its Individual Capacity, But Solely As Trustee For RMAC Trust, Series 2015-5T

("Wilmington") commenced this real property foreclosure action against

Defendants Jeffrey H. Andersen and Lesley Andersen ("Defendants") seeking to

foreclose on a residential mortgage.  Complaint ("Compl."), ECF No. 1.  Upon

Defendants' default, judgment was entered in favor of Wilmington on April 22,

2019, and the case was terminated.

        Currently before the Court is a motion by non-party U.S. Bank National

Association Not In Its Individual Capacity, But Solely As Trustee Of NRZ Pass-

Through Trust II ("U.S. Bank") seeking the following relief:  (1) substitution of

U.S. Bank as the assignee and successor-in-interest to Wilmington; (2) substitution

of counsel; and (3) issuance of a Judgment of Foreclosure and Sale to U.S. Bank.

*See* Motion, ECF No. 53.  For the reasons set forth below, the motion is denied.

## I.  BACKGROUND

Familiarity with the procedural history of this matter is assumed and is set

forth only to the extent necessary to resolve the pending motion.   Wilmington

commenced this action on July 12, 2016, alleging that it was the owner and holder

of a Note and Mortgage encumbering a property located at 12 Watson Avenue,

Staten Island, New York, 10314 (the "Property").  Compl. ¶¶ 1-2; New York Fixed

Rate Payment Mortgage Note (the "Note"), Ex. 3 at 4-9; New York Fixed Rate

Mortgage (the "Mortgage"), Ex. 3 at 10-20.  Wilmington amended the complaint,

alleging that it was "the owner and holder of the subject Note and Mortgage or has

been delegated authority to institute this Mortgage foreclosure action by the owner

and holder of the subject Note and Mortgage."  Amended Complaint ¶ 2, ECF

No. 9.

Upon Defendants' failure to answer or otherwise respond to the amended

complaint, Wilmington moved for default judgment and entry of a judgment of

foreclosure and sale.  *See* Default Motion, ECF No. 18.  That motion was referred

to Magistrate Judge James Orenstein for report and recommendation.  After a

conference held on March 13, 2018, Magistrate Judge Orenstein expressed

"concerns about the discrepancy between the initial and amended complaints with

2

respect to the plaintiff's possession of the note at issue, and the quality of service of the operative pleading on the defendants" and gave Wilmington the option to either withdraw the default judgment motion without prejudice or provide supplemental argument. *See* Minute Entry, ECF No. 23.  Wilmington elected to withdraw its default judgment motion. *See* ECF No. 24.

After re-serving the amended complaint on Defendants, counsel for Wilmington  moved again for a default judgment, *see* ECF No. 34, which motion was again referred to Magistrate Judge Orenstein for report and recommendation. On March 15, 2019, Magistrate Judge Orenstein issued a report and recommendation (the "Report") recommending: (1) dismissal of the amended complaint as against the New York City Parking Violations Bureau; (2) entry of an order for the foreclosure and sale of the Property; and (3) entry of judgment against defendant Jeffrey Andersen in the amount of $267,624.86. *See* Report, ECF No. 49.  In the Report, Magistrate Judge Orenstein found that Wilmington had demonstrated that it was the holder of the Note prior to commencement of the action and thus had standing to bring the foreclosure action. *Id.* at 6.

No objections to the Report were submitted, and this Court adopted and affirmed the Report in its entirety. *See* Order, ECF No. 50.   Judgment was entered on April 22, 2019, *see* Judgment, ECF No. 51, and the case was closed.   No separate Judgment of Foreclosure and Sale was entered.

3

On November 15, 2019, the current motion was filed by the "proposed substituted attorneys for Plaintiff." Motion, ECF No. 53. Counsel for U.S. Bank states that on June 13, 2018, Wilmington assigned the Mortgage to U.S. Bank. *See* Affirmation of Michael C. Manniello ¶ 4 & Ex. C (the "2018 Assignment"). Based on the 2018 Assignment, U.S. Bank seeks an order substituting it as Plaintiff in this action, and the issuance of a Judgment of Foreclosure and Sale reflecting the substitution. Defendants have not responded to the motion despite it having been served on them. *See* Affidavit of Service, ECF No. 53-8.

## II. DISCUSSION

Rule 25(c) of the Federal Rules of Civil Procedure provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action." FED. R. CIV. P. 25(c). In the context of a foreclosure action, Rule 25 substitution is proper where documentary evidence has been provided showing the transfer of plaintiff's interest in the action and of "the underlying loan, note, and mortgage." *Greystone Bank v. Peralta*, No. 10 CIV 0695 (BMC), 2010 WL 3767619, at *2 (E.D.N.Y. Sept. 20, 2010).

Via the 2018 Assignment,[1] Wilmington effectively assigned the Mortgage to U.S. Bank. However, a review of the records of the Richmond County Clerk's

---

[1] Although the 2018 Assignment took place during the pendency of this action and prior to entry of judgment, it was never brought to the attention of Magistrate Judge Orenstein or this Court. Wilmington's post-commencement assignment of the

4

database reveals the existence of a subsequent assignment dated February 13, 2019 by which U.S. Bank further assigned the Mortgage to Citibank N.A., Not In Its Individual Capacity, But Solely As Trustee of NRZ Pass-Through Trust VI ("Citibank").  *See* Document 732656, Block 2632 Lot 12, Richmond County Clerk, https://www.richmondcountyclerk.com/Search/ViewDocumentInfo/194462; *see also* FED. R. EVID. 201 ("[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (noting that pursuant to Rule 201, courts may consider, *inter alia,* "documents filed with governmental entities and available on their official websites").

Based on the County Clerk's record, it appears that U.S. Bank had already assigned the Mortgage to Citibank before Judgment was entered in this case, and at least seven months prior to filing the instant motion.  As it appears that U.S. Bank is not entitled to the relief it seeks, the motion substitution is denied without

---

Mortgage does not affect the prior court rulings since Wilmington was the holder of the Note at the time the action was commenced and thus had standing to pursue foreclosure even though it later assigned the mortgage. *See JPMorgan Chase Bank Nat'l Ass'n v. Wenegieme*, 162 A.D.3d 876, 877, 81 N.Y.S.3d 54, 55 (2d Dep't 2018) ("in the absence of a court order directing otherwise, the plaintiff had the capacity to continue this action after assigning the mortgage and note").

P-049

prejudice to a further showing that U.S. Bank is the current assignee of the Note and Mortgage.

**SO ORDERED.**

Dated: Brooklyn, New York

March 6, 2022

_____
Sterling Johnson, Jr., U.S.D.J.

6